## Ruby COOSENBERRY *v.* McCROSKEY SHEET METAL and TRANSAMERICA INSURANCE CARRIER

CA 82-165                                    639 S.W.2d 518

Court of Appeals of Arkansas
Opinion delivered September 29, 1982
[Rehearing denied October 27, 1982.]

*Cortinez & Lamb,* by: *Robert R. Cortinez,* for appellant.

*Hall, Tucker & Lovell,* for appellees.

Tom Glaze, Judge. This case is another in a series of Workers' Compensation Commission decisions concerning our rehabilitation law, Ark. Stat. Ann. § 81-1310 (f) (Supp. 1981). Here, the appellant appeals the Commission's decision denying her entitlement to a rehabilitation evaluation.

On February 6, 1980, appellant sustained a compensable injury. Her healing period ended on March 11, 1981, leaving her with a 10% physical impairment to the body as a whole. In May, 1981, appellant's employer asked her to return to work, offering her a higher paying job that was tailored to her physical limitations. She declined the new job and instead requested an evaluation for rehabilitation purposes.

The Commission found that the medical and other evidence submitted by the appellant had failed to prove that her injury and resulting impairment prevented her from returning to her previous job, to the new job offered by her employer, or to other employment similar to her prior job.

The thrust of appellant's argument is that since she sustained a permanent disability and duly filed her request for rehabilitation, the Commission was compelled to order a rehabilitation evaluation. We cannot agree. Such an interpretation of our rehabilitation law would mean that the Commission has no discretion to determine whether a claimant is a bona fide candidate for rehabilitation. Obviously, there are employees who have sustained permanent-partial disabilities yet are not viable candidates for rehabilitation. When these situations arise, the Commission is not automatically required to order an evaluation at the employer's expense merely because the employee requests it.

Although § 81-1310 (f) does not specifically mention evaluation reports, it does provide for the Commission to determine if a proposed program of vocational rehabilitation is reasonable in relation to the disability sustained by the employee. The statute also alludes to a period of time during which the parties may explore rehabilitation potential. The Commission's role, as defined in § 81-1310 (f), requires the exercise of its discretion when approving or disapproving a rehabilitation program. Before doing so, the

Commission must first decide if the claimant is a candidate for rehabilitation.

This case is distinguishable from our recent case of *Moro, Inc.* v. *Davis,* 6 Ark. App. 92, 638 S.W.2d 694 (1982). In *Moro,* the claimant requested a rehabilitation evaluation. At the time of the initial request, no evidence was presented to substantiate that he was a candidate for rehabilitation. Later, the claimant did establish he was a candidate, but the employer continued to categorically deny claimant's need for rehabilitation. Therefore, we upheld the Commission's finding that the employer had controverted all rehabilitation benefits.

As was true in *Moro,* an employer risks the controversion of all rehabilitation benefits when the evidence substantiates the need for a rehabilitation evaluation, but the employer assumes an inflexible position against it. Here, appellant never established that she was a candidate for rehabilitation. In fact, she had been psychologically and medically released to return to work, but she refused to work under any conditions. The evidence shows that if she had returned to work, she would have received a 20% increase in wages. Therefore, we find there is substantial evidence to support the Commission's finding that appellant failed to show entitlement to a vocational rehabilitation evaluation.

Affirmed.